# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

KENDRICK STORY                                                                    PLAINTIFF
ADC #109934

v.                                    2:17cv00187-JLH-JJV

GERALDINE CAMPBELL, APN; and
TERRI MOODY, APN, EARU Infirmary                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court<br>
Eastern District of Arkansas<br>
600 West Capitol Avenue, Suite A149<br>
Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Kendrick Story ("Plaintiff") is a prisoner in the Arkansas Department of Correction ("ADC"), and he has filed this action *pro se* under 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff alleges that, while he was in the East Arkansas Regional Unit ("EARU") in March 2017, Defendants Advanced Practice Registered Nurse ("APRN') Geraldine Campbell and APRN Terri Moody violated his constitutional rights by failing to provide him with adequate medical care for his injured right thumb and forcing him to work with that injury.[1]  (*Id*.)  He seeks monetary damages. (*Id*. at 13.)

Defendants Campbell and Moody have filed a Motion for Summary Judgment, contending they are entitled to judgment as a matter of law on Plaintiff's claims. (Doc. Nos. 39-41.) Plaintiff also has filed a Motion for Summary Judgment. (Doc. No. 42.) Thus, the matter is now ripe for a decision. After careful review, and for the following reasons, I find Defendants' Motion for

---

[1] Plaintiff's claims against Defendants Drummond, Kimble, and Rechcigl regarding the medical care he received for his thumb after March 2017, were previously dismissed *without prejudice* due to a lack of exhaustion. (Doc. No. 31.)

Summary Judgment should be GRANTED, Plaintiff's Motion for Summary Judgment should be DENIED, and Plaintiff's claims against Defendants Campbell and Moody should be DISMISSED with prejudice.

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

**III.    FACTS**

The evidence, viewed in the light most favorable to Plaintiff, is as follows. (Doc. Nos. 2, 41.)  On March 3, 6, and 8, 2017, Plaintiff filed sick call requests stating his right thumb was swollen and would not bend due to a November 2015 break that had "healed wrong."[2] (Doc. No. 41-1 at 1-6.)  Plaintiff was examined in the infirmary twice by non-party nurses, who gave him over the counter pain medications, requested an APRN examination, and issued work restrictions limiting him to "one-arm duty" until March 16, 2017.[3] (*Id.*)

On March 13, 2017, APRN Campbell examined Plaintiff's right thumb, which demonstrated "no gross deformity" and a normal range of motion. (*Id*. at 9.)  Based on Plaintiff's subjective complaints of pain and reduced mobility, Defendant Campbell ordered an x-ray and continued his pain medication. (*Id*.)  On March 15, 2017, Defendant Campbell reviewed an x-ray report stating Plaintiff had a fracture of the first distal phalanx (which is the "tip of the thumb above the joint") with "no displacement" and "soft tissue swelling."  (*Id.* at 10-11; Doc. No. 41-2 at 2.)  The next day, APRN Campbell ordered that Plaintiff be examined by a prison APRN within three working days. (Doc. No. 41-1 at 11.)

On March 20, 2017, APRN Moody examined Plaintiff in the infirmary. (*Id*. at 12.)  After reviewing the x-ray results, Defendant Moody determined no treatment or work restrictions were necessary because Plaintiff's right thumb had "been broken since November [2015]," the x-rays demonstrated no displacement, and he was receiving pain medication. (*Id.*)  She then instructed Plaintiff to return to the infirmary if he continued to have problems with his thumb. (*Id.*)

---

[2] Plaintiff was in a county jail, and not the ADC, when he broke his thumb. (*Id.)*

[3] Plaintiff also complained of pain caused by degenerative disc disease, arthritis, and headaches. (*Id.*)  However, this lawsuit does not include the medical care Plaintiff received for those conditions. (Doc. No. 2.)

On April 11, 2017, a non-party APRN renewed Plaintiff's work restrictions and referred him to a private orthopedic specialist. (Doc. No. 2; No. 41-4 at 3.) On April 28, 2017, a private orthopedist determined, after examining Plaintiff's thumb and taking additional x-rays, that he did *not* have a fractured bone. (Doc. No. 41-3 at 11-12.) Instead, the orthopedist concluded Plaintiff had a "ligament sprain of the right thumb MCP joint," which he placed in a cast for six weeks and later surgically repaired on September 22, 2017. (*Id.*; Doc. Nos. 2 at 7, No. 42 at 2.) In the verified Complaint, Plaintiff alleges prison medical personnel failed to provide him with adequate post-operative care. (Doc. No. 2 at 7-12.) But the Court has already dismissed those claims due to lack of exhaustion. (Doc. No. 31.)

## IV. ANALYSIS

"The Eighth Amendment requires state prison officials to provide inmates with needed medical care." *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). To avoid summary judgment and proceed to trial, Plaintiff must have evidence that: (1) he had an objectively serious need for medical care for his right thumb; and (2) Defendant Campbell or Moody subjectively knew of, but deliberately disregarded that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Because Defendants do not challenge the first element, the second element is the crux of this case. Deliberate indifference, which goes well beyond medical malpractice or even gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, an "inmate must demonstrate that a prison [medical provider's] actions were so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). After carefully reviewing the record, I conclude Plaintiff has failed to produce any such evidence.

To the contrary, it is undisputed that, on March 13, 2017, APRN Campbell physically examined Plaintiff's right thumb, continued his pain medications, ordered an x-ray, noted work restrictions were already in place, promptly reviewed the x-ray report, and arranged for Plaintiff to be examined in the prison infirmary within three days. APRN Moody timely did so and concluded, in her professional medical judgment, that treatment of the sixteen-month-old-fracture was unnecessary because no displacement was found on the x-ray. *See Fourte v. Faulkner Cnty.,* 746 F.3d 384, 390 (8th Cir. 2014) (finding no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner"). Deliberate indifference requires more than Plaintiff's mere disagreement with these treatment decisions. *See Gibson v. Weber,* 433 F.3d 642, 646 (8th Cir. 2006).

Plaintiff makes the medically unsupported assertion that Defendants Campbell and Moody should have ordered "my finger rebroken to have it fixed right." (Doc. No. 26-1 at 23.) But "inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Saylor,* 812 F.3d at 646; *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). More importantly, Defendants' medical expert concludes the course of care rendered by Defendants Campbell and Moody was medically appropriate and resulted in no harm to Plaintiff.[4] (Doc. No. 41-2.) "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." *Reid v. Griffin*, 808 F.3d 1191, 1193 (8th Cir. 2015); *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010). Instead, Plaintiff must present *medical*

---

[4] Defendants rely on the sworn declaration of Dr. Jeffrey Stieve, M.D., who is the Regional Medical Director for Correct Care Solutions. (Doc. No. 41-2.)

*evidence* -- rather than his unsubstantiated personal opinion -- demonstrating the "course of treatment, or lack thereof, so deviated from professional standards that it amounted to deliberate indifference in violation of the Eighth Amendment right to be free from cruel and unusual punishment." *Dulany,* 132 F.3d at 1243. He has not done so. Finally, Plaintiff's speculative assertion that his finger should have been "rebroken" is contrary to the orthopedist's later determination that he had a sprained ligament, and not a broken bone.

Plaintiff claims Defendant Campbell violated his constitutional rights on March 20, 2017, by failing to renew his work restrictions. (Doc. No. 2.) As previously discussed, Plaintiff's work restrictions expired on March 16, 2017, and were renewed by a non-party APRN on April 11, 2017. According to Major Deen's sworn declaration, Plaintiff did not report to work on the hoe squad during the interim.[5] (Doc. No. 41-4.) Plaintiff has not refuted that assertion. And, nothing in the record suggests Plaintiff was actually harmed by the temporary lapse in work restrictions.

Finally, Plaintiff contends Defendants Campbell and Moody acted with deliberate indifference by delaying his referral to an orthopedic specialist for one month. (Doc. Nos. 2, 42.) To avoid summary judgment, Plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016); *Gibson*, 433 F.3d at 646-47. In other words, Plaintiff must show Defendants Campbell and Moody "ignored an acute or escalating condition" or that the delay "adversely affected his prognosis." *Schaub v. VonWald,* 638 F.3d. 905, 915 (8th Cir. 2011). Plaintiff has not produced any such evidence. *See Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (affirming summary judgment when there was a one-month delay in treating a

---

[5] Major Deen is the custodian of the "Squad Books," which are the ADC's inmate work records. (*Id.*)

prisoner's broken finger). Instead, the only evidence in the record is Defendants' unrefuted expert testimony that Plaintiff was not harmed by the brief delay in being seen by an orthopedist. (Doc. No. 41-2.)

To avoid summary judgment and proceed to trial, Plaintiff must have evidence from which a reasonable fact finder could conclude Defendant Campbell or Moody acted with subjective, deliberate indifference. *See Helmig v. Fowler*, 828 F.3d 755, 763 (8th Cir. 2016). Because Plaintiff has not produced any such evidence, I recommend his inadequate medical care claims against Defendants Campbell and Moody be dismissed with prejudice.

## V.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 39) be GRANTED.

2. Plaintiff's Motion for Summary Judgment (Doc. No. 42) be DENIED.

3. Plaintiff's inadequate medical care claims against Defendants Campbell and Moody be DISMISSED with prejudice.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of September, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE